## PEOPLE v. HALLEN.

(Supreme Court, Appellate Division, First Department. February 9, 1900.)

1. CRIMINAL LAW—APPEAL—HARMLESS ERROR.
   Under Code Cr. Proc. § 542, providing that technical errors shall be disregarded on appeal, a judgment of conviction will be sustained, unless the errors are prejudical to the prisoner's rights.

2. SAME—CONDUCT OF COUNSEL.
   A judgment of conviction will not be reversed for improper remarks by the district attorney, called forth by reprehensible conduct on defendant's part in the management of his own defense for the purpose of securing a mistrial, where great care is taken by the court to remove their effect by charging the jury during the trial and at its close to disregard them, and be controlled entirely by the evidence, where defendant's guilt was conclusively established.

3. SAME—HARMLESS ERROR—ADMISSION OF EVIDENCE.
   On a trial of an attorney for forgery, the admission of a letter in evidence, purporting to have been written by him, directed to the district attorney, which confessed defendant's guilt of other crimes, and showed him to be a fugitive from justice, was harmless error, where the statements therein were established by other uncontradicted evidence.

4. SAME.
   Error in rulings on a question whether the forgery was executed by defendant or a third person was harmless where he was not convicted of forgery, but for uttering the forged instrument.

Appeal from court of general sessions, New York county.

James D. Hallen, convicted of forgery, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

I. W. Lansing, for appellant.
Charles E. Le Barbier, for the People.

O'BRIEN, J. The defendant was indicted upon two counts,—one for forging, and the other for uttering a forged mortgage for

$16,500; and upon the latter count of uttering the forged instrument he was convicted. That the mortgage was forged, and that by means of it Mr. and Mrs. Cauldwell were cheated out of the $16,500 which they gave to the defendant on the faith that the mortgage was a valid and subsisting security upon property situated on West End avenue, is not disputed. Although evidence was introduced to connect the defendant with the actual forging, the jury deemed it of insufficient weight, and failed, by their verdict, to convict the prisoner upon the first count of the indictment. The other count, however,—that, well knowing the mortgage was forged, he deliberately and fraudulently palmed it off on the Cauldwells,— was sustained; and there cannot be, upon this record, the slightest doubt as to the justice of the verdict. We therefore must approach the consideration of the questions presented on this appeal firmly impressed with the assurance that the defendant, a lawyer, who was trusted by the Cauldwells, deliberately violated that trust, and, for the purpose of cheating and defrauding them out of $16,500, gave them, as he was forced to concede, a forged mortgage. That the defendant was clearly guilty of the crime charged of uttering a forged instrument is demonstrable from his own evidence, and it is established beyond a shadow of doubt by the entire record. It would be a public calamity, therefore, if, for technical reasons, he should escape the punishment which he has justly deserved and is now undergoing. His life, on his own confession, has been an illspent one, and his talents and energies have been devoted to cheating and defrauding others; and, now that he has finally been convicted, he should not be permitted to escape upon purely technical exceptions.

The Code of Criminal Procedure provides that the court on an appeal shall disregard technical errors which are not prejudicial to the rights of the person convicted (Code Cr. Proc. § 542); and, therefore, unless the errors which it is claimed were made during the conduct of the trial are of such a character as to prejudice the prisoner's rights, the judgment should be sustained. It is asserted that errors were committed in improperly admitting evidence and in rejecting improper evidence, but the error alleged upon which most stress is laid is in the mode of conducting the trial pursued by the assistant district attorney, in interjecting extraneous and unjustifiable statements. These were clearly improper and reprehensible, but we are convinced that nothing that he said or did added to the strength of the case presented, which clearly demonstrated the defendant's guilt. The only palliation for the course pursued by the assistant district attorney consists of the fact that the defendant, who was conducting his own defense, and who was, no doubt, convinced that he could not escape, himself adopted a course towards the court and the witnesses which was evidently deliberately planned with the view of obtaining exceptions to rulings upon which, when convicted, he might rely for a reversal. We do not think, however, that the bad example thus set by the prisoner while conducting his own defense should have been followed by the assistant district attorney, or that the latter should have

permitted himself to exceed the reasonable bounds fixed, not alone for the prosecuting attorney, but for every counsel engaged in the conduct of a trial. Statements and characterizations, which, if an attempt were made to prove them, would have been rejected by the court as irrelevant and incompetent, should not be interjected in colloquy between counsel and the court, because their evident tendency is to divert the attention of the jury from the evidence, and create an atmosphere entirely foreign to that orderly and regular procedure which should prevail at every trial in a court of justice. As was said by the court in People v. Fielding, 158 N. Y. 542, 53 N. E. 497:

"The prosecuting attorney in a criminal case should put himself under proper restraint, and should not, in his remarks to the jury, go beyond the evidence or the bounds of reasonable moderation; and, if he lays aside the moderation that should characterize his official actions, and by vituperation of the defendant and appeals to prejudice seeks to procure a conviction, he ceases to properly represent the public interests, and such is error which requires a reversal, which will be enforced on appeal."

In that case the conduct objected to occurred during the summing up of the evidence before the jury, and was more flagrant and prejudicial than the conduct of the prosecuting attorney here, which consisted principally of occasional remarks made during the course of the trial. The cases are distinguishable by the fact that in the present instance the learned trial judge observed the greatest care in removing the effect of these statements, both during the progress of the trial, and again in his charge at its close, by telling the jury that they must disregard such remarks, and be controlled entirely by the evidence. The care taken by the court in correcting the statements and in protecting the prisoner's rights remove this ground of complaint.

The appellant further insists that it was error to admit in evidence a letter, introduced during the testimony of an expert on handwriting, and purporting to be written by the prisoner, and directed to the district attorney, which, in substance, confessed that the defendant was guilty of many offenses, and which, if credited, showed that at the time it was written he was a fugitive from justice. Although, strictly speaking, the letter was incompetent, its admission was not harmful, for the reason that both facts adverted to in it were proven by other testimony in the case, and no effort was made by the defendant to disprove them. On the contrary, his efforts seem to have been directed to goading the prosecution into proving him guilty of other crimes, with a view, undoubtedly, were the attempt made to do so, to thereon hang a valid exception to such proof. This feature of the defendant's conduct during the trial in the management of his defense seriously militates against giving the weight which would otherwise be necessary to his exceptions taken to incompetent testimony. Thus his attempt to surreptitiously get before the jury a paper relating to the handwriting of the forged signature of the mortgagee, and his colloquies with the court and the prosecuting attorney, when most of the statements objected to were made, give rise to exceptions for which the prisoner was largely responsi-

ble, and which were the result of what was seemingly a deliberate effort on his part to have the trial take such a course that a conviction could not be sustained:

Another error claimed was in the ruling made upon the question of whether the forgery was one executed by a man named Elkins or by the defendant. On this subject, however, the alleged errors could not be harmful or prejudicial, for the reason that the jury did not convict the defendant on the first count of the indictment, which charged him with having forged the mortgage, but on the second count,—for uttering it.

There are other errors assigned none of which are so serious as those discussed, some of them being technical in the extreme, and having little or no possible bearing upon the conclusion reached by the jury. Upon this record, therefore, we are of the opinion that, notwithstanding the difficulty encountered by the trial judge in keeping the counsel within proper bounds, the defendant had a fair trial, in which his legal rights were protected, and that the judgment of conviction should be affirmed. All concur.